NO. **18 CI 02295**            JEFFERSON CIRCUIT COURT
DIVISION _____

JEFFERSON CIRCUIT COURT
DIVISION EIGHT (8)

| | | |
|---|---|---|
| GREG CARTER | ) | PLAINTIFF |
| | ) | |
| v. | ) | |
| | **COMPLAINT** ) | |
| | ) | |
| | ) | |
| CIGNA GROUP INSURANCE | ) | DEFENDANT |
| aka. LIFE INSURANCE COMPANY OF NORTH | ) | |
| AMERICA | ) | |
| PO BOX 29221 | ) | |
| PHOENIX AZ 85038-9221 | ) | |
| | ) | |
| | ) | |
| SERVE: | ) | |
| SECRETARY OF STATE | ) | |
| 700 CAPITOL AVE | ) | |
| SUITE 152 | ) | |
| STATE CAPITOL | ) | |
| FRANKFORT KY 40601 | ) | |
| | ) | |

      \*\*\*        \*\*\*        \*\*\*

Comes the Plaintiff, GREG CARTER, by counsel, and for his cause of action against Defendant states as follows:

### PARTIES AND VENUE

1.     Plaintiff is a resident of Louisville, Jefferson County, Kentucky.

2.     Defendant, Cigna Group Insurance Company (hereinafter "carrier" or "Defendant" or "Cigna") also sometimes known as "Life Insurance Company of North America" is a corporation doing business in the Commonwealth of Kentucky.

3.     This is an action brought by a participant to recover short and long term disability benefits ("STD" and "LTD") due to him under the terms of an insurance plan is a simple contract. The contract is part of an employment benefit, however if, after discovery is tendered it

A COPY
ATTEST: DAVID L. NICHOLSON, CLERK
JEFFERSON CIRCUIT COURT
LOUISVILLE, KENTUCKY
BY_____D.C.

appears employer is a government agency this action is therefor is governed by §502(e) of the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1132(e), which is more specifically, a contract for disability insurance benefits.  If not is.l

4.      This Court has concurrent jurisdiction with the Federal District Court.


## FACTS

1.      Plaintiff was a full-time employee of Honeywell International Inc. ("employer") for a sufficient time period so as to be eligible for coverage under the terms of an insurance contract incident # 10428475-01, policy #SHD-0985213.

2.      As a full time employee, Plaintiff was eligible for, and was participating in the short and long-term disability plan ("plan") offered by employer.

3.      At all times relevant to this Complaint, the Plan was administered by Cigna and at all relevant times Cigna remained the so called "plan administrator".

4.      By virtue of Plaintiff's medical impairments, and according to medical personnel, it is apparent that Plaintiff is permanently and totally disabled.

5.      Plaintiff applied for and was granted STD.

6.      For reasons that are medically and contractually mysterious Cigna decided to review the file. The re-review resulted in a denial.

7.      Any further appeal of either the STD or LTD would be futile and thusly, upon information and belief, the Plaintiff has exhausted all administrative remedies for both periods of wage replacement coverage, LTD and STD.

8.      Cigna's in house medical review performed by the Defendant's "hired medical reviewer(s)", practitioner(s) of unknown qualifications, erroneously concluded that the Plaintiff was able to perform an occupation.  The Defendant Cigna fails to offer a rational basis as to why it does not concur with a diagnosis of disability consistent with Plaintiff's treating physicians who opine Plaintiff cannot return to work due to both a severe psychological condition manifesting itself in, among other things, depression, anxiety and physical disorders that have manifested from the mental nervous condition. Cigna has violated its fiduciary duty to Plaintiff and the ERISA statue. Kalish v. Liberty Mutual, 419 F.3d 501 (6th Cir. 2005).

9.      Cigna's in-house reviewing staff erroneously concluded that the Plaintiff was capable of

returning to work and to work full time, as he did before the onset of his disability. Cigna refused to consider all of the Plaintiff's medical ailments and combined effect on him to terminate benefits. Said action is in violation of Sixth Circuit jurisprudence.

10.     Cigna's refusal to consider Plaintiff's combination of medical impairments, and the effect each has on the other, is error. The Claimant is entitled to have the combination of all impairments considered under the Plan. The Defendant so callously ignored substantive medical proof that it cannot now enjoy the, so-called, arbitrary and capricious standard of review despite plan language to the contrary, and the medical history should be reviewed *de novo*.

11.     Cigna is legally unable to cancel Plaintiff's benefits based on even its own medical and vocational findings.

12.     Any physician who has personally treated the Plaintiff has never questioned the permanency and totality of Plaintiff's disability.

13.     Defendant Cigna's conclusions that Plaintiff is not totally disabled was arbitrary and capricious, based on faulty data, flies in the face of the longitudinal medical evidence from the treating sources, and was executed in violation of relevant provisions of the plan.

14.     At all relevant times Cigna was acting under a conflict of interest as it was the entity which determined if the Plaintiff was disabled and the entity which is responsible for payment of LTD wage replacement benefits.

15.     In accordance with the terms of the plan, the Plaintiff did apply for Social Security Disability benefits ("SSDI") from the Social Security Administration ("SSA").

16.     Defendant cannot ignore the finding of SSA without adequate explanation in its decision even if such decision falls outside the administrative review. Whitaker v. Hartford Life and Accident Co. 404 F.3d 947 (6th Cir. 2005).


COUNT 1

BREACH OF ERISA STATUTE

17.     Pursuant to the ERISA statute Plaintiff is entitled to long-term disability benefits under the Plan.

18.     Alternatively, Defendant has wrongfully denied Plaintiff LTD benefits and has breached

the terms of the Plan under the dictates of the simple contract.

19.     Defendant's decision to deny Plaintiffs benefits and their claim handling have been arbitrary and capricious and is not supported by substantial evidence, and is tantamount to a breach of contract, violating Plaintiff's expectations pursuant to the terms of the contract of insurance.

WHEREFORE the Plaintiff prays as follows:

1.      For payment of disability benefits due to him, calculated from the date benefits were ceased until the present, with interest to the extent permitted by law;

1.      For an Order compelling Defendant to continue all disability benefits from the present forward in time until such time as the terms of Defendant's contract of insurance permits a reinvestigation of Plaintiff's continued medical eligibility under the Plan;

2.      For attorney's fees and expenses that Plaintiff has incurred for enforcing his ERISA contractual rights as well as any other rights;

3.      For any and all equitable relief Plaintiff is entitled to under common law contract theory, tort, or under ERISA, including Defendants' assistance in remedying any damage their termination of benefits has caused respecting Plaintiff's credit history;

4.      For his costs expended herein;

5.      For any and all relief to which Plaintiff may be entitled under any legal claim, whether it be pursuant to a contract claim, state based statutory claims, federal ERISA based claims, or other claims that may arise once discovery is complete.

Respectfully submitted,

ROBERT A. FLORIO
1500 Story Ave
Louisville, KY 40206
Co-Counsel for Plaintiff
502-587-0228



Alison Lundergan Grimes
Secretary of State

**Commonwealth of Kentucky**
**Office of the Secretary of State**

Summons Division
PO BOX 718
FRANKFORT, KY 40602-0718

June 22, 2018

CIGNA GROUP LIFE
PO BOX 29221
PHOENIX, AZ 85038-9221

FROM:   SUMMONS DIVISION
           SECRETARY OF STATE

RE:   CASE NO: 18-CI-02295

COURT:  Circuit Court Clerk
        Jefferson County
        700 West Jefferson St.
        Louisville, KY 40202
        Phone: (502) 595-3055

Legal action has been filed against you in the captioned case. As provided under
Kentucky law, the legal documents are enclosed.

**Questions regarding this action should be addressed to:**

    **(1) Your attorney, or**
    **(2) The attorney filing this suit whose name should appear on**
         **the last page of the complaint, or**
    **(3) The court or administrative agency in which the suit is filed**
         **at the clerk's number printed above.**

The Kentucky Secretary of State has NO POWER to make a legal disposition of this
case. Your responsive pleadings should be filed with the clerk of the court or agency
where the suit is filed and served directly on your opposing party.

No copy of future pleadings need be sent to this office unless you wish us to serve
the pleading under a particular statute or rule and pay for said service.

0
6
/
2
5
/
2
0
1
8

ALIAS

| AOC-105   Doc. Code: CI<br>Rev. 1-07<br>Page 1 of 1<br><br>Commonwealth of Kentucky<br>Court of Justice   www.courts.ky.gov<br><br>CR 4.02; CR Official Form 1 | [seal]<br><br>**CIVIL SUMMONS** | Case No. _18 CI 02295_<br><br>Court [✓] Circuit [ ] District<br><br>County _Jefferson_ |

Grea Carter

**PLAINTIFF**

VS.

Cigna Group Life AKA.
Life Ins. Co. of North America
PO Box 29221
Phoenix AZ  85038-9221

**DEFENDANT**

Service of Process Agent for Defendant:

_Secretary of State_

RECEIVED
JUN 21 2018

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons.  **Unless a written defense is made by you** or by **an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: ___JUN 1 1 2018___, 2_____

DAVID L. NICHOLSON, CLERK

_____ Clerk

By: _____ D.C.

| **Proof of Service** |
|---|
| This Summons was served by delivering a true copy and the Complaint (or other initiating document) to: |
| _____ |
| this _____ day of _____, 2____. |
| Served by: _____ |
| Title _____ |

06/25/2018

NO.

**18 CI 02295**

JEFFERSON CIRCUIT COURT
DIVISION ~~JEFFERSON CIRCUIT COURT~~
~~DIVISION EIGHT (8)~~

GREG CARTER                              )
                                         )
v.                                       )
                        **COMPLAINT**    )
                                         )
                                         )
CIGNA GROUP INSURANCE                    )          DEFENDANT
aka. LIFE INSURANCE COMPANY OF NORTH     )
AMERICA                                  )
PO BOX 29221                             )
PHOENIX AZ 85038-9221                    )
                                         )
                                         )
SERVE:                                   )
SECRETARY OF STATE                       )
700 CAPITOL AVE                          )
SUITE 152                                )
STATE CAPITOL                            )
FRANKFORT KY 40601                       )
                                         )

FILED IN CLERK'S OFFICE
DAVID L. PLAINTIFF NICHOLSON, CLERK
APR 19 2018
BY
DEPUTY CLERK

***          ***          ***

Comes the Plaintiff, GREG CARTER, by counsel, and for his cause of action against
Defendant states as follows:

**PARTIES AND VENUE**

A COPY
ATTEST: DAVID L. NICHOLSON, CLERK
JEFFERSON CIRCUIT COURT
LOUISVILLE, KENTUCKY
BY_____D.C.

1.      Plaintiff is a resident of Louisville, Jefferson County, Kentucky.

2.      Defendant, Cigna Group Insurance Company (hereinafter "carrier" or "Defendant" or
"Cigna") also sometimes known as "Life Insurance Company of North America" is a corporation
doing business in the Commonwealth of Kentucky.

3.      This is an action brought by a participant to recover short and long term disability
benefits ("STD" and "LTD") due to him under the terms of an insurance plan is a simple
contract. The contract is part of an employment benefit, however if, after discovery is tendered it

appears employer is a government agency this action is therefor is governed by §502(e) of the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1132(e), which is more specifically, a contract for disability insurance benefits. If not is.1

4.     This Court has concurrent jurisdiction with the Federal District Court.


## FACTS

1.     Plaintiff was a full-time employee of Honeywell International Inc. ("employer") for a sufficient time period so as to be eligible for coverage under the terms of an insurance contract incident # 10428475-01, policy #SHD-0985213.

2.     As a full time employee, Plaintiff was eligible for, and was participating in the short and long-term disability plan ("plan") offered by employer.

3.     At all times relevant to this Complaint, the Plan was administered by Cigna and at all relevant times Cigna remained the so called "plan administrator".

4.      By virtue of Plaintiff's medical impairments, and according to medical personnel, it is apparent that Plaintiff is permanently and totally disabled.

5.     Plaintiff applied for and was granted STD.

6.      For reasons that are medically and contractually mysterious Cigna decided to review the file. The re-review resulted in a denial.

7.     Any further appeal of either the STD or LTD would be futile and thusly, upon information and belief, the Plaintiff has exhausted all administrative remedies for both periods of wage replacement coverage, LTD and STD.

8.     Cigna's in house medical review performed by the Defendant's "hired medical reviewer(s)", practitioner(s) of unknown qualifications, erroneously concluded that the Plaintiff was able to perform an occupation. The Defendant Cigna fails to offer a rational basis as to why it does not concur with a diagnosis of disability consistent with Plaintiff's treating physicians who opine Plaintiff cannot return to work due to both a severe psychological condition manifesting itself in, among other things, depression, anxiety and physical disorders that have manifested from the mental nervous condition. Cigna has violated its fiduciary duty to Plaintiff and the ERISA statue. Kalish v. Liberty Mutual, 419 F.3d 501 (6th Cir. 2005).

9.     Cigna's in-house reviewing staff erroneously concluded that the Plaintiff was capable of

returning to work and to work full time, as he did before the onset of his disability. Cigna refused to consider all of the Plaintiff's medical ailments and combined effect on him to terminate benefits. Said action is in violation of Sixth Circuit jurisprudence.

10.     Cigna's refusal to consider Plaintiff's combination of medical impairments, and the effect each has on the other, is error. The Claimant is entitled to have the combination of all impairments considered under the Plan. The Defendant so callously ignored substantive medical proof that it cannot now enjoy the, so-called, arbitrary and capricious standard of review despite plan language to the contrary, and the medical history should be reviewed *de novo*.

11.     Cigna is legally unable to cancel Plaintiff's benefits based on even its own medical and vocational findings.

12.     Any physician who has personally treated the Plaintiff has never questioned the permanency and totality of Plaintiff's disability.

13.     Defendant Cigna's conclusions that Plaintiff is not totally disabled was arbitrary and capricious, based on faulty data, flies in the face of the longitudinal medical evidence from the treating sources, and was executed in violation of relevant provisions of the plan.

14.     At all relevant times Cigna was acting under a conflict of interest as it was the entity which determined if the Plaintiff was disabled and the entity which is responsible for payment of LTD wage replacement benefits.

15.     In accordance with the terms of the plan, the Plaintiff did apply for Social Security Disability benefits ("SSDI") from the Social Security Administration ("SSA").

16.     Defendant cannot ignore the finding of SSA without adequate explanation in its decision even if such decision falls outside the administrative review. Whitaker v. Hartford Life and Accident Co. 404 F.3d 947 (6th Cir. 2005).

COUNT 1

BREACH OF ERISA STATUTE

17.     Pursuant to the ERISA statute Plaintiff is entitled to long-term disability benefits under the Plan.

18.     Alternatively, Defendant has wrongfully denied Plaintiff LTD benefits and has breached

the terms of the Plan under the dictates of the simple contract.

19.    Defendant's decision to deny Plaintiffs benefits and their claim handling have been arbitrary and capricious and is not supported by substantial evidence, and is tantamount to a breach of contract, violating Plaintiff's expectations pursuant to the terms of the contract of insurance.

WHEREFORE the Plaintiff prays as follows:

1.    For payment of disability benefits due to him, calculated from the date benefits were ceased until the present, with interest to the extent permitted by law;

1.    For an Order compelling Defendant to continue all disability benefits from the present forward in time until such time as the terms of Defendant's contract of insurance permits a reinvestigation of Plaintiff's continued medical eligibility under the Plan;

2.    For attorney's fees and expenses that Plaintiff has incurred for enforcing his ERISA contractual rights as well as any other rights;

3.    For any and all equitable relief Plaintiff is entitled to under common law contract theory, tort, or under ERISA, including Defendants' assistance in remedying any damage their termination of benefits has caused respecting Plaintiff's credit history;

4.    For his costs expended herein;

5.    For any and all relief to which Plaintiff may be entitled under any legal claim, whether it be pursuant to a contract claim, state based statutory claims, federal ERISA based claims, or other claims that may arise once discovery is complete.

Respectfully submitted,

ROBERT A. FLORIO
1500 Story Ave
Louisville, KY 40206
Co-Counsel for Plaintiff
502-587-0228



**Commonwealth of Kentucky**
**Office of the Secretary of State**

Alison Lundergan Grimes
Secretary of State

Summons Division
PO BOX 718
FRANKFORT, KY 40602-0718

July 13, 2018

CIGNA GROUP INS. AKA. LIFE
INSURANCE COMPANY OF NORTH AMERICA
PO BOX 29221
PHOENIX, AZ 85038-9221

FROM:   SUMMONS DIVISION
        SECRETARY OF STATE

RE:       CASE NO: 18-CI-02295

COURT:  Circuit Court Clerk
        Jefferson County, Division: 8
        700 West Jefferson St.
        Louisville, KY 40202
        Phone: (502) 595-3055

Legal action has been filed against you in the captioned case.  As provided under
Kentucky law, the legal documents are enclosed.

**Questions regarding this action should be addressed to:**

(1) **Your attorney, or**
(2) **The attorney filing this suit whose name should appear on**
    **the last page of the complaint, or**
(3) **The court or administrative agency in which the suit is filed**
    **at the clerk's number printed above.**

The Kentucky Secretary of State has NO POWER to make a legal disposition of this
case.  Your responsive pleadings should be filed with the clerk of the court or agency
where the suit is filed and served directly on your opposing party.

No copy of future pleadings need be sent to this office unless you wish us to serve
the pleading under a particular statute or rule and pay for said service.

0
7
/
1
6
/
2
0
1
8

| AOC-105                Doc. Code: CI<br>Rev. 1-07<br>Page 1 of 1<br>Commonwealth of Kentucky<br>Court of Justice   www.courts.ky.gov<br>CR 4.02; CR Official Form 1 | **CIVIL SUMMONS** | Case No. **18 CI 02295**<br>Court   ☑ Circuit   ☐ District<br>County   Jefferson |

<table>
<tr><td></td><td></td><td>PLAINTIFF</td></tr>
<tr><td>GREG CARTER</td><td>RECEIVED<br><br>JUL 11 2018<br><br>SECRETARY OF STATE</td><td>JEFFERSON CIRCUIT COURT<br>DIVISION EIGHT (8)</td></tr>
</table>

VS.

CIGNA GROUP INS. aka. LIFE   INSURNACE   COMPANY OF NORTH AMERICA

DEFENDANT

PO BOX 29221
PHOENIX AZ 85038-9221

Service of Process Agent for Defendant:
SECRETARY OF STATE

_____
_____
_____
_____

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

　　　　You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within 20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

　　　　The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: **APR 19 2018** 2_____　　　　DAVID L. NICHOLSON, CLERK

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　_____Clerk

　　　　　　　　　　　　　　　　　　　　By: _____ D.C.

```
┌─────────────────────────────────────────────────────────────────┐
│                        Proof of Service                           │
│ This Summons was served by delivering a true copy and the         │
│ Complaint (or other initiating document) to:                      │
│ _____   │
│ this _____ day of _____, 2_____.                        │
│                          Served by: _____   │
│                          _____Title      │
└─────────────────────────────────────────────────────────────────┘
```